**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY A. ANDERSON,<br><br>                         Plaintiff,<br><br>           v.<br><br>MITCHEL SKOLNICK, HOPEWELL THEATRE, INC., and SARA SCULLY,<br><br>                         Defendants. | Civil Action No. 19-18138 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Mitchel Skolnick, Hopewell Theatre, Inc. ("Hopewell"), and Sara Scully's (collectively, "Defendants") Motion to Dismiss Per Arbitration Agreement.[1] (ECF No. 8.) Pro se plaintiff Terry Anderson ("Plaintiff") opposed (ECF No. 12), and Defendants replied (ECF No. 11). The Court has carefully considered the parties'

---

[1] Defendants seek "the entry of an Order dismissing an arbitration clause [sic] all claims in the Complaint." (Notice of Mot. 1, ECF No. 8.) Much of Defendants' Letter Brief in support of their motion consists of recitations of case law regarding enforcing arbitration agreements with little argument devoted to the particular arbitration agreement in this matter or the precise relief Defendants seek. (*See* Defs.' Letter Br. *3–4, ECF No. 8-1.) Defendants ask the Court to "dismiss the instant action because there is a binding, enforceable arbitration agreement," (*id.* at *5), but Defendants cite no authority discussing a district court's dismissal of an action because of the parties' agreement to arbitrate the dispute. Defendants also refer to a district court's authority to compel arbitration and stay a matter pending arbitration without explicitly seeking that relief in their motion, while simultaneously requesting the Court compel arbitration in Defendant Skolnick's Certification. (*Id.* at *3–4; Skolnick Cert. ¶ 8, ECF No. 8-2.) The Court, therefore, interprets Defendants' Motion as requesting that the Court compel arbitration and dismiss the matter or, in the alternative, stay the matter pending arbitration.

submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court compels arbitration and stays this matter pending the completion of arbitration.

I. **BACKGROUND**

This matter arises out of an employment dispute between Plaintiff and Defendants—her employer and supervisors. Scully, Executive Director of Hopewell, verbally offered Plaintiff a two-year contract to work as theatre manager. (Compl. 1–2, ECF No. 8-4 at *3–4.)[2] Plaintiff signed an employment agreement (the "Agreement") in April 2017. (Compl. 2; *see generally* Agreement, ECF No. 8-3.) The Agreement contained an arbitration provision ("Arbitration Provision"), which provides, in part:

> [I]t is expressly acknowledged, understood[,] and agreed that any and all claims, disputes[,] or controversies that may arise concerning this Agreement, or the construction, performance, or breach of this Agreement, or any other agreement between the parties, or concerning or relative to [Plaintiff's] employment with [Hopewell], and whether based on contract, tort, statute[,] or any other theory, will be submitted to and adjudicated, determined[,] and resolved through compulsory, binding arbitration.

(Agreement § 12(j).) The Arbitration Provision provides that the parties agree to submit to the jurisdiction of the American Arbitration Association ("AAA") and be governed by the AAA's Employment Arbitration Rules. (*Id.*) The Arbitration Provision also provides:

> The parties waive, to the fullest extent permitted by law, any right they may have to a trial by jury in any legal proceeding directly or indirectly arising out of or relating to this Agreement, whether based in contract, tort, statute (including any federal or state statute, law, ordinance[,] or regulation), or any other legal theory.

---

[2] Page numbers preceded by an asterisk refer to the page number of the ECF header.

(*Id.*) On August 11, 2017, Plaintiff had emergency eye surgery and was unable to work until September 8, 2017. (Pl.'s Cert. in Opp'n to Mot. 1, ECF No. 12.) On September 8, Scully instructed Plaintiff not to report to work. (*Id.* at 2.) One week later, Scully informed Plaintiff that she no longer had a position at Hopewell. (*Id.*)

Plaintiff initiated this action in the Superior Court of New Jersey, Mercer County, alleging that her employer "[r]efused to provide reasonable accommodation . . . after [Plaintiff] recovered from emergency eye surgery . . . . [in] violation of [the] New Jersey Law Against Discrimination[, N.J. Stat. Ann. §§ 10:5-1, *et seq.*]." (Compl. 1.) Defendants timely removed the action to this Court.[3] (Notice of Removal, Ex. A to Notification of Removal, ECF No. 1 at *4–6.)

On the same day that Defendants removed, Defendants answered Plaintiff's Complaint. (Answer, ECF No. 4.) Three days later, Defendants amended their answer to include an additional affirmative defense: that the "Complaint is subject to mandatory arbitration pursuant to the terms and conditions of the [Agreement]." (Am. Answer 2, ECF No. 5.) Three days after that, Defendants

---

[3] It appears Defendants' removal of this matter was improper, but the Court may not remand the matter because Plaintiff failed to timely move to remand. Defendants assert the Court has federal question jurisdiction "as the case arises out of a federal question involving the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*" (Notice of Removal ¶ 5.) But "[t]he Federal Arbitration Act . . . does not create federal question jurisdiction. Rather, an independent basis of jurisdiction is needed." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 128 n.5 (3d Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Defendants also assert diversity jurisdiction exists because Plaintiff is domiciled in North Carolina and Defendants are domiciled in and citizens of New Jersey. (Notice of Removal ¶¶ 4, 6–10.) But a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. This procedurally improper removal, however, does not deprive the Court of jurisdiction. *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50–51 (3d Cir. 1995). Furthermore, the Court may not remand the matter absent "a motion to remand within [thirty] days after filing the notice of removal. *Id.* at 51. The Court, therefore, has jurisdiction over this matter.

3

moved for "the entry of an Order dismissing an arbitration clause [sic] all claims in the Complaint," (Notice of Mot. 1), accompanied by a five-page letter brief, (Defs.' Letter Br.).

## II.   **LEGAL STANDARD**

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14, to thwart "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The FAA "creates a body of federal substantive law establishing . . . the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 522 (3d Cir. 2009). The FAA declares that "[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

When a party files suit in district court "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. If a party, in accordance with its motion to compel arbitration, requests a stay, the court "[is] obligated under 9 U.S.C. § 3 to grant the stay once it decide[s] to order arbitration," and may not, instead, dismiss the matter. *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).

In order to compel arbitration, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citations omitted). Courts use state law principles governing contract formation to determine the existence of an agreement. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). A court seeking to determine whether a particular dispute falls within the scope of an arbitration agreement "is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed

by the contract." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001) (citations omitted). Because federal policy favors arbitration, all doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration. *Id.*

### III.     DISCUSSION

#### A.     The Arbitration Provision is Valid.

Applying "ordinary state-law principles that govern the formation of contracts," *First Options of Chi.*, 514 U.S. at 944, the Court finds that there is a valid arbitration agreement. New Jersey courts apply basic contract law principles, including offer, acceptance[,] and consideration, to determine whether a valid arbitration agreement exists.[4] *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 878 (N.J. 2002). There must be "an explicit, affirmative agreement that unmistakably reflects the employee's assent" to arbitration. *Leodori v. CIGNA Corp.*, 814 A.2d 1098, 1105 (N.J. 2003).

Here, the Court finds that a valid arbitration agreement exists. Hopewell offered Plaintiff a salary of $60,000 per year. (Agreement § 4(a).) The Agreement specified that Plaintiff agreed to be bound by the Agreement in "consideration for employment with [Hopewell] and such other additional benefits as are provided for herein." (*Id.* at 1.) Plaintiff signed the Employment Agreement and initialed each page, including the page containing the Arbitration Provision. (*See id.* at 5, 7.) Finally, Plaintiff does not challenge the validity of the Agreement or the Arbitration Provision. (*See generally* Pl.'s Cert. in Opp'n to Mot.) Because it appears there was valid offer, assent, and consideration that reflects Plaintiff's agreement to arbitrate, the Court finds that a valid arbitration agreement exists.

---

[4] The Agreement specifies New Jersey as the forum and law applied to the Agreement. (Agreement §§ 12(d), (j).) Plaintiff does not dispute the choice-of-law provision. (*See generally* Pl.'s Cert. in Opp'n to Mot.)

### B. The Arbitration Provision Delegates Arbitrability.

Having found the existence of a valid arbitration agreement, the threshold question is "whether the Court should determine the scope of the arbitrability provisions." *Espinal v. Bob's Disc. Furniture, LLC*, No. 17-2854, 2019 WL 2278106, at *5 (D.N.J. May 18, 2018). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). "The [FAA] allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions," and "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019).

Defendants do not argue that the Arbitration Provision delegates questions of arbitrability to the arbitrator. (*See generally* Defs.' Letter Br.) The Court, however, notes that the parties agreed to submit to arbitration governed by the AAA's Employment Arbitration Rules. (Agreement § 12(j).) The AAA's Employment Arbitration Rules provide that questions of arbitrability are decided by the arbitrator. AMERICAN ARBITRATION ASSOCIATION, EMPLOYMENT ARBITRATION RULES AND MEDIATION PROCEDURES R-6(a) (Oct. 1, 2017), https://adr.org/sites/default/files/EmploymentRules_Web_2.pdf (stating "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope[,] or validity of the arbitration agreement"). Incorporation of the AAA's rules granting the arbitrator power to decide questions of arbitrability—absent other "ambiguous or unclear" language that renders the "meaning of the AAA Rules . . . murky"—is sufficiently clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *Richardson v. Coverall N. Am., Inc.*, No. 18-3399, 2020

WL 2028523, at *2 (3d Cir. Apr. 28, 2020); *see Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 763 (3d Cir. 2016).

Here, the Court finds that the Arbitration Provision plainly states that arbitration will be conducted according to the AAA's Employment Arbitration Rules, those rules delegate questions of arbitrability to the arbitrator, and the Arbitration Provision contains no other ambiguous or unclear language that confuses the incorporation of the AAA Rules. The Court, therefore, does not reach the arbitrability issue because that issue is for the arbitrator. The Court directs the parties to proceed to arbitration of Plaintiff's dispute in the manner provided in the Arbitration Provision of the Agreement.[5]

### C. The Court Stays This Matter Pending Arbitration.

"A court has the power to stay a proceeding if it determines that an issue falls under an applicable arbitration clause." *In re Mintze*, 434 F.3d 222, 229 (3d Cir. 2006) (citing 9 U.S.C. § 3). Defendants cite no authority supporting dismissal of the matter. (*See generally* Defs.' Letter Br.) The Court, therefore, denies Defendant's motion to dismiss the matter. Instead, pursuant to Section 3 of the FAA, the Court stays and administratively terminates the matter pending the completion of arbitration. *See Lloyd*, 369 F.3d at 269.

---

[5] Plaintiff requests that, if the Court compels arbitration on her claims, "the Court should order that the cost of the arbitration be borne solely by [Defendants]." (Pl.'s Cert. in Opp'n to Mot. 4.) "[C]ourts must rigorously enforce arbitration agreements according to their terms, including terms that specify ... the rules under which that arbitration will be conducted." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation marks and citations omitted). Here, the Arbitration Provision provides that "each party will be solely responsible for payment of his/her/its own counsel fees, with the costs of arbitration borne equally by the parties." (Agreement § 12(j).) The Court, accordingly, may not order Defendants to bear all arbitration costs.

## IV. CONCLUSION

For the reasons set forth above, the Court compels arbitration on Plaintiff's dispute and stays this matter pending the completion of arbitration. The Court will enter an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
